**UNITED STATES of America,**
**Appellant,**

v.

**Joshua HUCKABEE, Defendant–**
**Appellee.**

**No. 09–1308–cr.**

United States Court of Appeals,
Second Circuit.

June 9, 2010.

James R. Smart, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel), for Nora R. Dannehy, United States Attorney for the District of Connecticut, New Haven, Connecticut, for Appellant.

Francis L. O'Reilly, O'Reilly & Shaw, LLC, Southport, Connecticut, for Appellee.

PRESENT: JON O. NEWMAN, CHESTER J. STRAUB, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Joshua Huckabee pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, *see id.* §§ 922(g)(1), 924(a)(2). On appeal, the United States challenges the district court's decision to run 60–month prison sentences on each of the firearms counts concurrently with each other and with the 120–month mandatory sentence on the drug count. To the extent the district court based its decision on *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), the government contends that *Williams* was wrongly decided.

Title 18 U.S.C. § 924(c), which criminalizes using or carrying a firearm during or in relation to a crime of violence or a drug trafficking crime, requires a mandatory minimum term of incarceration over and above any sentence imposed based on the underlying crime "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). In *United States v. Whitley,* 529 F.3d 150, 158 (2d Cir.2008), we interpreted this "except" clause to mean that a mandatory minimum sentence imposed under § 924(c) need not run consecutively to a greater mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In *Williams,* we declined to confine *Whitley* to cases where the greater mandatory minimum was itself provided in § 924, instead concluding that the § 924(c) "except" clause applied to any greater mandatory minimum, including those prescribed in 21 U.S.C. § 841(b)(1)(A). *See United States v. Williams,* 558 F.3d at 171.

The issue has split the circuits, and the United States has petitioned for a writ of *certiorari* in *Williams. See* 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09–466). In fact, the Supreme Court has granted *certiorari* in *United States v. Abbott,* 574 F.3d 203 (3d Cir.2009), *cert. granted,* — U.S. ——, 130 S.Ct. 1284, — L.Ed.2d —— (2010), and *United States v. Gould,* 329 Fed.Appx. 569 (5th Cir.2009), *cert. granted,* — U.S. ——, 130 S.Ct. 1283, — L.Ed.2d —— (2010), which adopt constructions of the § 924(c) mandate that differ from ours. Nevertheless, in the absence of contrary controlling authority from the Supreme Court, our precedents require affirmance. *See United States v. Jass,* 569 F.3d 47, 58 (2d Cir.2009) (noting panel "is bound by prior decisions of this court unless and until the precedents established therein are reversed *en banc* or by the Supreme Court").

The judgment of the district court is AFFIRMED.